# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 11, 2023

Lyle W. Cayce
Clerk

No. 23-40200
Summary Calendar

———————

Diana B. Stephens,

*Plaintiff—Appellant*,

*versus*

Homero Martinez, III,
*Director of Texas Valley Coastal Bend Health Care System*;
Doctor Eric D. Kendall, *Chief of Staff*;
Doctor Hilda Thompson, *Chief of Pathology and Laboratory Service*;
Maria Ortegon, *Supervisory Medical Technologist*,

*Defendants—Appellees*.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CV-84

———————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Diana Stephens sued per Title VII for retaliation that allegedly caused her termination as an employee at the U.S. Department of Veterans Affairs. The defendants moved for dismissal under Federal Rule of Civil Procedure

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

12(b)(1) for want of jurisdiction.  The district court granted the motion on the ground that Stephens had not filed her complaint timely.

The district court was correct, as carefully explained in its Order Granting Motion to Dismiss entered on March 7, 2023.  The EEOC's Office of Federal Operations gave Stephens the required notice that she had 90 days to sue; that notice was mailed to both Stephens and her attorney.  Nonetheless, she did not sue until 134 days later.  The district court added the following explanation:  "Construing Plaintiff's pleadings liberally, Plaintiff denies that she received the notice [but] Defendants have established the necessary facts to overcome this argument [and] Plaintiff has failed to establish the applicability of equitable tolling."

On appeal *pro se*, Stephens asserts that she should have been given leave to amend.  She has forfeited any such argument, however, because she never raised it in the district court.

The judgment of dismissal is AFFIRMED.